UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRAMAINE A. HARRISON, ET AL.                              CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL.                                NO. 14-0811-BAJ-RLB

**O R D E R**

*Pro se* plaintiff Tramaine A. Harrison and five (5) purported *pro se* co-plaintiffs, Kendall Summers, Spencer Ford, Jarvis Young, Larry Drawsand and Larry Warren, commenced this proceeding as a purported "Class Action" on a form for the assertion of the violation of constitutional civil rights under 42 U.S.C. § 1983.  The Complaint is deficient, however, because it is signed (and hand-written) only by plaintiff Harrison, and none of the purported 5 co-plaintiff detainees has signed the Complaint, submitted a motion to proceed *in forma pauperis*, or otherwise signified a willingness to participate in the instant lawsuit.  In fact, plaintiff Harrison asserts in the Complaint that all of the co-plaintiff detainees are housed in "different buildings [and] their signature[s] can't be obtained."  Named as defendants herein are the State of Louisiana, Governor Bobby Jindal, CEO Steve Lee of the Feliciana Forensic Facility ("FFF") (where the plaintiffs are confined), and "all Drs. (psychiatrist and psychologist), nurses, social workers, and correction guards" at the Forensic Facility.

The basis for plaintiff Harrison's claim is that the defendants have violated his constitutional rights, as well as the rights of the other five co-plaintiffs and un-named detainees confined at the Facility, by the conditions to which they have been subjected.  Specifically, the

plaintiff alleges that although the Forensic Facility is a "so-called" hospital, it does not provide medical treatment to the persons confined therein.  Instead, the Facility acts only as an under-funded "incarceration outlet" for patients with mental illness and others who have pleaded, or been induced to plead, "not guilty by reason of insanity" to criminal offenses charged against them.  The plaintiff asserts that he himself is being falsely imprisoned and should not be confined, both because of improprieties in connection with his probation proceedings and because his mental condition has changed or improved to the extent that confinement and treatment are no longer necessary.  The plaintiff further asserts, in conclusory fashion, that every other plaintiff at the Facility meets the same criteria and is a "victim of this corrupt system." Finally, the plaintiff asserts that security officers, nurses and other personnel at the Facility treat the detainees harshly, and the plaintiff includes allegations that one of the co-plaintiffs, Jarvis Young, was raped on one occasion because of inattention by a security officer, and that another, Larry Warren, has been confined at the Facility for more than twenty years on a charge of simple burglary.  The plaintiff includes no specific factual allegations relative to the other three co-plaintiff detainees.

Initially, the Court finds that although the Court initially granted leave to the lead plaintiff in this case, Tramaine Harrison, to proceed *in forma pauperis*, *see* R. Doc. 3, this plaintiff is no longer entitled to so proceed.  Specifically, the statute applicable to the granting by courts of *in forma pauperis* status to inmates in cases challenging the conditions of their confinement makes clear that plaintiff Harrison is no longer entitled to proceed as a pauper in this case.  This statute, 28 U.S.C. § 1915, provides, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals examined the effect of the referenced statute and concluded that all civil actions or appeals dismissed as frivolous, malicious or for failure to state a claim are included within the ambit of the "three strikes" provision of § 1915(g). In addition, an interpretation of *Adepegba* instructs that this Court should revoke the prior grant of pauper status to inmates who are later determined to have accumulated three "strikes" and should require that these inmates pay the Court's filing fee or face dismissal of their pending actions or appeals. *See id.* at 388 (concluding that the appeal under review in that case *and all other pending appeals* filed by the "three strike" petitioner should be dismissed in the absence of payment by the petitioner of the full amount of the Court's filing fee).

A review of the records of this Court reflects that, on three or more prior occasions while incarcerated, plaintiff Tramaine Harrison has brought actions or appeals in the federal courts that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] In addition, it appears that the plaintiff commenced this proceeding while he was detained or incarcerated, and although he has since been released from confinement, the courts that have addressed this issue have concluded that such release does not relieve the plaintiff of the obligation to pay the filing fee in full, without the benefit of periodic installment payments.

---

1. Cases or appeals filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, *Tramaine A. Harrison v. Jefferson Parish Correction Center, et al.,* Civil Action No. 14-0781-SDD-RLB (M.D. La.), *Tramaine Harrison v. State of Louisiana, et al,* Civil Action No. 15-0006-JWD-SCR (M.D. La.), and *Tramaine A. Harrison v. President Barak Obama, et al.*, Civil Action No. 15-0080-BAJ-RLB (M.D. La.).

*See Torns v. Mississippi Department of Corrections*, 421 Fed. Appx. 316, 317 (5th Cir. 2010) (concluding that a plaintiff's "subsequent release from prison did not entitle him to proceed IFP on an action that he had brought while he was a prisoner subject to the three-strikes bar"). *See also Harris v. City of New York*, 607 F.3d 18, 19 (2d Cir. 2010) (finding that, "because [the plaintiff] was a prisoner at the time he 'brought' the present action, the text of the statute mandates that the three strikes rule apply"); *Hamilton v. Chisolm*, 2012 WL 4739953, *1 at n. 3 (S.D. Ga. Oct. 3, 2012) (concluding that "[a] plaintiffs status at the time of *filing* is determinative" (emphasis in original), and a subsequent release from prison does not entitle a plaintiff evade the effect of the three-strikes bar). Accordingly, the Court concludes that plaintiff Tramaine Harrison is now barred from proceeding *in forma pauperis* in this case and that he is required to pay the full amount of the Court's filing fee.[2]

In addition, as noted above, the pleadings in this case are deficient in this case because none of the other five named co-plaintiffs have either signed the Complaint or submitted individual motions to proceed *in forma pauperis* herein. Pursuant to established procedure, *each pro se* plaintiff is required to sign the Complaint and *each* is responsible for payment of the full amount of the Court's filing fee. Accordingly,

**IT IS ORDERED** that the Order of this Court dated February 24, 2015 (R. Doc. 3), pursuant to which plaintiff Tramaine Harrison was granted *in forma pauperis* status in this proceeding, be and it is hereby **VACATED**.

**IT IS FURTHER ORDERED** that the Motion to Proceed *In Forma Pauperis* of plaintiff Tramaine Harrison (R. Doc. 2) be and it is hereby **DENIED.**

---

2. Inasmuch as the allegations of the Complaint do not reflect that plaintiff Tramaine Harrision is or was in "imminent danger of serious physical injury," he does not fall within the exception to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that plaintiff Tramaine Harrison is granted thirty (30) days from the date of this Order within which to pay $400.00, the full amount of the Court's filing fee. The filing fee must be paid in full in a single payment. No partial payments will be accepted. Failure to pay the filing fee within 30 days shall result in the dismissal of plaintiff Harrison's claims without further notice from the Court.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Order, plaintiffs Kendall Summers, Spencer Ford, Jarvis Young, Larry Drawsand and Larry Warren shall each re-submit the Complaint in this case, personally signed by them on the last page thereof. The plaintiffs are specifically advised that a failure to re-submit the Complaint in proper form within 30 days shall result in the dismissal of the individual plaintiff's claims without further notice from the Court.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Order, plaintiffs Kendall Summers, Spencer Ford, Jarvis Young, Larry Drawsand and Larry Warren shall each either pay the full amount of the Court's filing fee ($400.00) or submit properly completed motions to proceed *in forma pauperis* herein, together with properly completed Statements of Account, signed by an authorized official at the plaintiffs' facility, certifying to the average six-month deposits and balance in the plaintiffs' detainee accounts. The plaintiffs are specifically advised that a failure to pay the Court's filing fee or submit a properly completed motion to proceed *in forma pauperis* and Statement of Account within 30 days shall result in the dismissal of the individual plaintiff's claims without further notice from the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiffs Kendall Summers, Spencer Ford, Jarvis Young, Larry Drawsand and Larry Warren, as attachments to this Order, a copy of the original Complaint, a blank motion to proceed *in forma pauperis*, and a

blank Statement of Account for them to re-submit to the Court in compliance with this Order.

Signed in Baton Rouge, Louisiana, on October 30, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**